UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:23-cr-00004-JMS-CMM-2 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JASON WEIR | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-cr-00004-JMS-CMM |
| | ) | |
| JASON WEIR, | ) -2 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Jason Weir has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 136. For the reasons explained below, his motion is **DENIED**.

## I.
## Background

In March 2024, Mr. Weir pled guilty to conspiracy to possess with intent to distribute and to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846. Dkts. 106, 115. According to the presentence investigation report, Mr. Weir was a member of a major drug distribution conspiracy which brought drugs to Indiana from Phoenix, Arizona, and distributed them in the Terre Haute, Indiana area and to out-of-state drug users. Dkt. 104 at 4–6. In total, 5,242 grams of actual methamphetamine; 964.5 grams of a mixture or substance containing methamphetamine; 453 grams of psilocybin mushrooms; and 453 grams of marijuana were found to be attributable to Mr. Weir or foreseeably attributable to the conspiracy in which Mr. Weir participated. *Id.* at 6.

Mr. Weir faced a guidelines range of 188 to 235 months of imprisonment. Dkt 104 at 19. The Court sentenced him to 144 months of imprisonment followed by 5 years of supervised

release. Dkt. 115 at 2–3. The Bureau of Prisons ("BOP") currently reports Mr. Weir's anticipated release date (with good-conduct time included) as February 14, 2033. https://www.bop.gov/inmateloc/ (last visited July 30, 2024).

Mr. Weir has filed a motion for compassionate release *pro se*. Dkt. 136. Mr. Weir argues that he establishes extraordinary and compelling reasons for compassionate release because he is needed at home to provide care for his father who has terminal cancer. *Id.* at 2. The Court has concluded that it can resolve the motion without a response from the United States.

## II.
## Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Mr. Weir argues that he establishes extraordinary and compelling reasons for his release because he is needed at home to provide care for his father. Dkt. 136. He states that his father has terminal cancer that has spread from his lungs to his brain and has a life-expectancy of one year or less. *Id.* at 11. He additionally claims that he is his father's only immediate family member and is thus the only one available to provide care. *Id.* at 12.

The sentencing guidelines permit a court to find that extraordinary and compelling reasons exist due to "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G § 1B1.13(b)(3)(C). Though the Court is sympathetic to the struggle that anyone who receives a terminal cancer diagnosis faces, Mr. Weir has not provided any evidence that his father is currently incapacitated. For this reason, the Court finds that Mr. Weir has not met his burden to show that his desire to be at home to provide care for his father is an extraordinary and compelling reason for his release.

Even if the Court were to assume that Mr. Weir had established an extraordinary and compelling reason, however, the Court would nevertheless find that Mr. Weir is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[1] Weighing against him, Mr. Weir committed a serious crime and has an extensive criminal history including a prior conviction in this Court for conspiracy to distribute in excess of 500 grams

---

[1] These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

of a substance containing methamphetamine and possession with the intent to distribute in excess of 50 grams or more of a controlled substance. Dkt. 104 at 11. Mr. Weir was serving a term of supervised release for those offenses when he committed the present offense. Dkt. 104 at 11. Supervised release was revoked on that case, and he was sentenced to a 24-month sentence concurrent to his sentence in this matter. *United States v. Weir*, 2:08-cr-00015-JMS-CMM-10, Dkt. 531. His criminal record includes four other felony convictions. Dkt. 104 at 8–10. Further, Mr. Weir was sentenced less than six months ago, is not scheduled to be released from prison until February 2033; thus, releasing him now would be a substantial reduction in his sentence.

In light of these considerations, the Court finds that releasing Mr. Weir early would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion . . . is enough; more would be otiose.").

## III.
## Conclusion

For the reasons stated above, Mr. Weir's motion for compassionate release, dkt. [136], is **denied**.

**IT IS SO ORDERED.**

Date: 7/31/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Jason Weir
Register Number: 09185-028
USP McCreary
U.S. Penitentiary
P.O. Box 3000
Pine Knot, KY 42635